# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANCIS WHITE, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. |
| Plaintiff, | : : | |
| v. | : : | JURY DEMANDED |
| GOHEALTH, LLC and ONTARGET DATA SERVICES, LLC | : : : | |
| Defendants. | : | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Francis White ("Plaintiff" or "Mr. White") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that GoHealth, LLC ("GoHealth") retained Ontarget Data Services, LLC ("OnTarget"), who made telemarketing calls to numbers on the National Do Not Call Registry.

4. Because telemarketing calls can be made to thousands or even millions of individuals, Plaintiff brings this action on behalf of proposed nationwide Class of other persons who were sent similar calls.

5. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6. Plaintiff is an individual.

7. Defendant GoHealth, LLC is a limited liability company registered to do business in Illinois with its principal place of business at 214 West Huron St., Chicago, Illinois 60654, which is in this district.

8. Defendant Ontarget Data Services, LLC is a vendor of GoHealth that makes telemarketing calls.

## Jurisdiction & Venue

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff' claims arise under federal law.

10. The Court has personal jurisdiction over the defendants because they contracted to originate leads through telemarketing calls for GoHealth in this district.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing campaign at issue was organized with GoHealth from this District and GoHealth has its principal place of business in this District.

## The Telephone Consumer Protection Act

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

16. GoHealth markets and sells health insurance products and services to consumers.

17. GoHealth uses telemarketing to promote its products and services and solicit new customers.

18. GoHealth's telemarketing efforts include using third parties who are compensated based on the amount of new customers they can bring to GoHealth and potential new customers transferred to GoHealth's call center.

Calls to Plaintiff

19. Mr. White is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. Mr. White's cellular telephone number, (352)-355-XXXX has been on the National Do Not Call Registry since December 2020.

21. This number is used for Mr. White's personal use.

22. The number is not associated with a business.

23. However, Mr. White received multiple telemarketing calls promoting GoHealth's Medicare insurance products.

24. This included calls on the following dates and times, from various caller identification numbers. Telemarketers routinely use spoofing of the caller ID to hide their identity. Each of the calls started with a pause and a click, followed by a live agent coming on the line, using a similar script offering help with Medicare benefits.

25. The calls occurred on at least August 1, 4 (twice) 11, 2023.

26. On the August 11 call, as with the previous calls, there was a pause and a click, followed by a live agent coming on the line stating that the call was about Medicare benefit on behalf of GoHealth.

27. The pause and click which reveals use of a predicative dialer, is indicative of *en masse* calling.

28. Prior to the filing of this action, the Plaintiff's attorney sent a communication to GoHealth.

29. GoHealth then identified OnTarget as being responsible for the calls.

30. The class members were harmed by the conduct that invaded their privacy.

**GoHealth's Liability for the Telemarketing Conduct of the Vendor that Contacted Plaintiff**

31. The Federal Communication Commission ("FCC") is tasked with promulgating rules and orders related to enforcement of the TCPA. *See* 47 U.S.C. 227(b)(2).

32. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

33. In their January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.*

34. On May 9, 2013, the FCC confirmed this principle in a Declaratory Ruling holding that sellers such as GoHealth may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

35. GoHealth has knowingly and actively accepted business that originated through the telemarketing calls to individuals whose telephone numbers are listed on the National Do Not Call Registry and who did not consent in writing or otherwise to receive such calls.

36. Indeed, despite the receipt of multiple prior TCPA lawsuits relating to the telemarketing of third parties, GoHealth continued to do business with third party lead generation providers who had the ability to directly transfer leads to GoHealth.

37. Indeed, with this information transferred to GoHealth, it had the ability to determine if OnTarget was sending it leads whose information was on the National Do Not Call Registry.

38. GoHealth controlled the calling conduct by restricting the dates, times and geographic regions OnTarget could call.

39. GoHealth also approved the marketing script that allowed OnTarget to use the GoHealth name in its marketing.

40. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

**Class Action Allegations**

41. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of Class of all other persons or entities similarly situated throughout the United States.

42. The Class of persons Plaintiff propose to represent are tentatively defined as:

**OnTarget National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of OnTarget (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

**National Do Not Call Registry GoHealth Sub-Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of On Target that promoted GoHealth (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

43. Excluded from the Class are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

44. The Class as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

45. The potential class members number is likely hundreds since telemarketing campaigns make calls to tens or hundreds of individuals each day. Individual joinder of these persons is impracticable.

46. Plaintiff is a member of the Class.

47. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether GoHealth is vicariously liable for its agents' conduct;

    b. Whether the calls were placed without obtaining the recipients' prior consent for the call; and

    c. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendants' actions.

48. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by the Defendants and are based on the same legal and remedial theories.

49. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

50. In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

51. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

52. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

53. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

54. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the members of the Class despite their numbers being on the National Do Not Call Registry.

55. The Defendants' violations were negligent, willful, or knowing.

56. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

57. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting GoHealth from making telemarketing calls (whether directly or via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendants and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

G. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting OnTarget from making telemarketing calls (whether directly of via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

PLAINTIFF,
By his attorneys,

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
